781 F.2d 973
 In the Matter of BAPTIST MEDICAL CENTER OF NEW YORK, INC., Debtor.
LOCAL 144 HOSPITAL WELFARE FUND, Local 144 Hospital Pension
Fund, Local 144 Health Care Facilities Training & Upgrading
Fund, and Local 144 Hotel, Hospital, Nursing Home & Allied
Services Union, SEIU, AFL-CIO, Plaintiffs- Appellants,
v.
BAPTIST MEDICAL CENTER OF NEW YORK, INC., Defendant-Appellee.
 No. 615, Docket 85-5086.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 18, 1985.
Decided Jan. 30, 1986.
 
 Robert A. Cantore, New York City (Kenneth C. Morgan, Vladeck, Waldman, Elias & Engelhard, New York City, of counsel), for plaintiffs-appellants.
 Mitchel H. Perkiel, New York City (Edmund M. Emrich, Paul M. Nussbaum, Levin & Weintraub & Crames, New York City, of counsel), for defendant-appellee.
 Before TIMBERS, MESKILL and PRATT, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from an order of the United States District Court for the Eastern District of New York, Glasser, J., which affirmed the order of the United States Bankruptcy Court, Goetz, J., staying appellants from execution on a judgment obtained against debtor-appellee Baptist Medical Center of New York, Inc. (Baptist) for unpaid contributions to multi-employer benefit plans for a period subsequent to Baptist's filing of a Chapter 11 petition.
 
 
 2
 Appellant Local 144 Hotel, Hospital, Nursing Home & Allied Services Union (the Union) and Baptist are parties to several collective bargaining agreements which require Baptist to make payments to the three appellant funds (the Funds). The Funds are "multi-employer plans" as defined in the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Secs. 1002(1), (2) and (37) (1982).
 
 
 3
 Baptist filed a Chapter 11 petition on March 3, 1981, and has been operating since then as a debtor in possession. Since the filing, Baptist has made few payments to the Funds. The Union and the Funds sued Baptist in the bankruptcy court in February 1982 seeking to enforce Baptist's obligation to make post-filing contributions. In an opinion dated August 23, 1983, and a judgment dated January 3, 1984, the bankruptcy court awarded the Union $997,371.70 for unpaid contributions to the Funds for the period from July 1981 through July 1983, plus interest, but ordered that execution on the judgment be stayed.
 
 
 4
 Baptist did not appeal from the judgment, but the Union and the Funds appealed from the stay order. The district court affirmed, and the Union and the Funds appeal. We affirm for the reasons stated in Judge Glasser's Memorandum and Order below, dated August 21, 1985, 52 B.R. 417 (E.D.N.Y.1985).